Nicholson, C. J.,
delivered the opinion of the Court.
The facts agreed on in this case raise the question, whether the widow of an insolvent testator whose estate is being administered under the insolvent laws, is entitled to the same benefits as to property exempt from execution, as the widow of an insolvent intestate? An answer to this question makes it necessary to construe several sections' of the Code bearing upon the subject.
By sections 2285, 2286, 2287, and 2290, provision *233 is made for a year’s support for the widows and children of persons dying intestate. By sections 2113, 2288, and 2289, provision is made for the benefit of widows and children as to property exempt from execution.
It is provided by section 2113, after setting out in several preceding sections the articles exempt from execution, that “such property shall, on the death of the owner, be exempt from execution in the hands of the widow and children, as prescribed in sections 2288, 2290.”
Under this section, the benefit accrues to the widow and children when the owner dies, whether he dies testate or intestate.
Under' section 2288, it is provided that “the property exempt by law from execution shall, on the death of the husband, be exempt from execution in the hands of, and be vested in the widow, with-1 out regard to the size or solvency of the estate' of the deceased, for herself, and in trust for the benefit of the children of the deceased or of the widow, or both; and shall not go to the executor or administrator.”
In the case before us, upon the death of Pride, the testator, the title to the exempted articles vested in his widow as trustee for herself and the child of the testator. By the concluding words of the section, this property shall not go to the executor or administrator.
This shows that the benefit was intended not only for the widows of those dying intestate, but of those dying testate; and also that the benefit was secured *234 without regard to the size or solvency of the estate, Turner v. Fisher, 4 Sneed, 212; Blanehard v. Thompson, MS., at Jackson. Upon the death of the widow the daughter of the testator became the sole beneficiary, and was entitled to the exempted property. The executor had uo right to sell the property and appropriate the proceeds to the creditors of the estate. In doing so he was guilty of a ■ conversion, and was properly held accountable by the decree of the chancellor.
The decree will be affirmed with costs.